## McDONALD et al. v. GARNIER.

### No. 5181.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellee.

DREW, Judge.

Plaintiff instituted this suit individually and for the benefit of his minor children, Mitchell McDonald and Hazel McDonald, praying for damages alleged to have been caused by an operation performed by defendant on his wife and mother of plaintiffs, alleging that said operation was performed on November 23, 1930, at Dr. Garnier's hospital, in Bastrop, La. He alleged his wife was operated on by Dr. Garnier on November 23, 1930, and in July, 1933, a second operation was performed at the Bastrop General Hospital by Dr. Smith I. Sims, assisted by Drs. J. N. Jones and L. E. Larche; that in the performance of the second operation a piece of gauze, or what is commonly known as a 24-sponge, was found in the abdominal cavity, which plaintiff alleges was left there through the carelessness, negligence, and ignorance of Dr. Garnier; that said sponge had caused adhesions of the intestines, which in turn caused peritonitis, resulting in the death of his wife. He alleges the first operation was performed for the purpose of removing the appendix and Fallopian tubes.

Defendant filed a plea of prescription of one year, which was overruled by the lower court. He again urges it here. In answer, he set up many defenses, only one of which is necessary to discuss here, that is, that he did not perform the operation and was in New Orleans at the time the operation was performed. We are convinced this defense is good, and it is therefore unnecessary to pass upon the exceptions and pleas filed by defendant.

The operation was performed on plaintiff's wife on November 23, 1930. This date is definitely fixed by all the witnesses for plaintiff, who remember the date of the operation as being on the Sunday before Thanksgiving, in the year 1930, which was November 23d. We are convinced there can be no doubt as to the exact date of the operation of which plaintiff complains.

The testimony as to who performed the operation is most conflicting, and, to say the least, is most unusual. It is difficult to believe that a reputable surgeon who performs an operation would deny it. It is certain that this happened here. It is also certain that either Dr. Jones or Dr. Garnier performed the operation. The patient was one of Dr. Jones, who is a surgeon, and who testified that he did his own surgical work. There was never any consultation by deceased or her husband with Dr. Garnier; there was no request made that he operate, and there has never been a bill sent by Dr. Garnier for the operation.

Plaintiff's witnesses, consisting of the plaintiff Dr. Jones, Mrs. Larkin, Lee Hughes (an uncle of deceased), his wife, Mrs. Ella Hughes, deceased's mother, Mrs. Tine Hughes, and Dewey Brown (a second cousin of the deceased), all testified that Dr. Garnier performed the operation. None of them, other than Mrs. Larkin, was well acquainted with Dr. Garnier, and had only seen him a few times. They did not see him before he went into the operating room nor after he came out. They claim to have seen him while he was operating, in the operating room, with a mask over his face.

Mrs. Larkin is shown by the testimony to have been in error about seeing this operation. She undoubtedly saw some other operation and has confused it with this one.

Mrs. Ella Hughes only claims to have gone to the door of the operating room, and it is shown that from where she claims she was, she could not have seen the surgeon who performed the operation.

Mrs. Tine Hughes, mother of deceased, is the only witness for plaintiff who claims to have seen Dr. Garnier after he came from the operating room, and says she saw him at the deceased's bedside. She was not well acquainted with Dr. Garnier, and is, without doubt, mistaken in the surgeon she saw.

Against this testimony, there is that of Mrs. Overbey, a patient of Dr. Garnier who was in the sanitarium when the operation was performed, from October 6th to November 30th, and who testified that Dr. Garnier left for New Orleans on November 22d and did not return until the day after Thanksgiving.

Dr. Garnier testified he had never performed an operation on deceased at any time; that he left Bastrop on November 22, 1930, and went to New Orleans to join his wife for their third wedding anniversary, on November 23, 1930; that he arrived there on the morning of November 23, 1930, and remained in New Orleans until the day after Thanksgiving. He is corroborated in his testimony by his wife, who was in New Orleans visiting her father. He is likewise corroborated by Mr. and Mrs. Dean, friends, Wade Garnier, his brother, all who had dined together at Mr. Dean's home in New Orleans on November 23, 1930. There can be no doubt that Dr. Garnier was in New Orleans on November 23, 1930, at the time the operation was performed on the deceased.

It is admitted by all of plaintiff's witnesses that Dr. Poimboeuff assisted in giving the anesthetic to the deceased at the time of the operation, and that Mrs. Elmo Thompson was the nurse who assisted the surgeon in performing the operation, both of whom testify unequivocally that Dr. Garnier was not present and that Dr. Jones performed the operation. Dr. Poimboeuff and Mrs. Thompson are well acquainted with Dr. Garnier and could not have been mistaken between him and Dr. Jones.

The case is most unusual in that plaintiff could not show by a preponderance of the testimony who performed the operation on his wife. The law requires that this be done, and plaintiff's case must fall in this respect. Contra, the preponderance of the testimony is that Dr. Garnier was not in Bastrop when the operation was performed and did not perform it. If there could be a mistake as to the date the operation was performed, which there is not, from the testimony in the record, then plaintiff would not be much better off, for the three witnesses who were best qualified to know who performed the operation upon the deceased are Dr. Jones, Dr. Poimboeuff, and the nurse, Mrs. Thompson. Dr. Jones says Dr. Garnier performed the operation; Dr. Poimboeuff and Mrs. Thompson say Dr. Jones performed it. The preponderance here is in favor of the defendant, and especially so since deceased was a patient of Dr. Jones, and not of Dr. Garnier.

Since plaintiff has failed to prove that the operation was performed by Dr. Garnier, his case must necessarily fall. The lower court rejected the demands of plaintiff, and we find no error in its finding.

The judgment of the lower court is therefore affirmed.